IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-25-JHP |
| | ) | |
| JOHNNY EDWARD SMITH a/k/a "TICK" | ) | |
| a/k/a "LITTLE JOHNNY," et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendant Nathan Davon Simmons' motion to declare this a complex case and request for a continuance of the trial currently scheduled for May 5, 2008 [Docket No. 159]. The matter came on for hearing March 31, 2008. All defendants were present and represented by counsel.[1] The motion is unopposed by the Government and 12 of the 13 remaining defendants.[2] For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

On March 12, 2008, Defendants were each indicted in a 28 count Indictment. Count One charges a conspiracy that has been alleged to have existed for over four years, from 2003 until May of 2007. Defendants made their initial appearances before a United States Magistrate Judge and each pled not guilty to the 28 counts. A May 5, 2008 trial date was set, and Defendants were ordered to file all pre-trial motions by April 7, 2008.

---

[1] The defendant, Vance Eugene Winslow, III, was not yet arraigned at the time of this hearing.

[2] Counsel for the defendant, Johnny Edward Smith, did not join in the motion due to a pending Motion to Withdraw based on a conflict of interest filed March 26, 2008.

1

Defendant filed the instant motion to continue on March 20, 2008. In the motion, Defendant argues — with the Governments' support — that the case is complex and therefore justifies an "ends-of-justice" continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B). Defendants claim the Government turned over in excess of "3,254 pages of discovery and [] three CD-roms containing 27 recorded conversations." The Government stated that additional discovery would be forthcoming during the next two weeks consisting of approximately 1000 pages of telephone records, and additional CD-roms containing both audio and video "controlled buy" statements. The Government also disclosed that it has listed approximately 74 witnesses on its preliminary witness list. Defendants argue that these factors all cut in favor of a continuance of the motion deadline and trial. The Government does not oppose the continuance.

During the March 31, 2008 hearing, the Court heard argument from counsel for both the Government and Defendants relating to the complexity of the case and need for a continuance. Counsel for several of the defendants, as well as the Government, described to the Court the voluminous discovery involved in this case. Counsel for the defendants argued that, based on the complexity of the case, it would be impossible for them to be prepared for trial by the May 5, 2008 trial date. Counsel for the Government agreed, and argued that it would be in the best interest of the public to continue the trial so as to allow counsel for the defendants to adequately prepare, thus ensuring the integrity of the trial process.

## **DISCUSSION**

Defendant's motion implicates the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, which provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the requested continuance would impact the 70 day deadline contemplated by § 3161(c)(1).

The Court is acutely sensitive to the implications of granting this continuance. Recent Supreme Court and Tenth Circuit decisions have raised this Court's awareness of its need to exercise great caution in granting continuances in criminal trials. *Zedner v. U.S.*, 547 U.S. 489, 126 S.Ct. 1976, 1989 (2006); *U.S. v. Williams* 511 F.3d 1044, (10th Cir. 2007). In the past, this Court has taken into consideration a defendant's prospective waiver of rights under the Act, but it is now clear to this Court that the existence of such a waiver can have no bearing on the Court's decision as to whether to grant a continuance. *U.S. v. Williams,* 511 F.3d at 1054-55. Even when a defendant knowingly, intelligently, and unequivocally waives his rights under the Act, a district court granting an ends-of-justice continuance, "must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Zedner,* 126 S.Ct. at 1989 (2006) (quoting 18 U.S.C. § 3161(h)(8)(A)).[3]

With that in mind, the Court turns to 18 U.S.C. § 3161(h), which provides that certain "periods of delay shall be excluded . .. in computing the time within which the trial of any such offense must commence."Among those periods of delay excluded are those periods "resulting from a continuance granted by any judge . .. if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

---

[3]For an exhaustive, and excellent, example of a district court granting an ends-of-justice continuance with the requisite findings, see *U.S. v. Taylor*, 2007 WL 2990623 (D.Colo.2007).

3

Among the factors which a judge shall consider in making this determination are "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(h)(8)(B)(i), or "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution...that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(8)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).

The Court finds that this case involves unusually voluminous discovery which will require time consuming, and in some instances, highly technical analysis. Additionally, the offenses charged in the 28 count Indictment are alleged to have taken place over an approximate four year period and are factually intensive. The Court finds that the complex nature of this prosecution makes it impossible for counsel for the Defendants to adequately prepare for trial by May 5, 2008.

The Court applies these factual findings to the factors set forth in 18 U.S.C. § 3161(h)(8)(B) and concludes as follows:

1. Failure to grant the requested continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

2. The requested continuance is warranted because the nature of the prosecution renders this case complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii) and;

3. Even assuming this case is not so unusual or complex as to fall within the meaning of § 3161(h)(8)(B)(ii), and taking into account the exercise of due diligence on the part of counsel, failure to grant the 90 day continuance would deny counsel the reasonable time necessary for effective preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court does not predicate these findings on congestion of the Court's calendar or lack of diligent preparation by counsel, *see* 18 U.S.C. § 3161(h)(8)(c), nor does it predicate these findings on the existence of any purported "waiver" of Speedy Trial Act rights.

The Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay is properly excluded for purposes of the Speedy Trial Act.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Continue is GRANTED. The April 7, 2008 motion deadline and May 5, 2008 trial date are stricken. The new motion deadline is July 7, 2008. The deadline for voir dire, jury instructions and trial briefs is 8/29/08. The pre-trial conference is set for August 15, 2008 at 10:00 a.m.. The trial is set for September 8, 2008 at 9:00 a.m.

IT IS SO ORDERED this 31st day of March, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma